NOT DESIGNATED FOR PUBLICATION

No. 128,558

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JESSE D. DUNERWAY JR.,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID KAUFMAN, judge. Submitted without oral argument. Opinion filed July 31, 2026. Affirmed.

*Wendie C. Miller*, of Kechi, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before GARDNER, P.J., MALONE and ATCHESON, JJ.

PER CURIAM: Jesse D. Dunerway Jr. appeals the Sedgwick County District Court's summary denial of his third motion for habeas corpus relief under K.S.A. 60-1507. In this motion, Dunerway has focused on his conviction for aggravated kidnapping in a 2013 jury trial and submits that various lawyers representing him in his direct criminal case and in his first 60-1507 motion performed inadequately because they failed to argue that the district court should have instructed the jury on attempted aggravated kidnapping. Dunerway's contention rests on a basic misunderstanding of "taking" as an element of

1

kidnapping and aggravating kidnapping. The district court, therefore, properly denied Dunerway's motion, and we affirm that ruling.

The jury convicted Dunerway of aggravated kidnapping, aggravated burglary, criminal threat, and two counts of aggravated battery arising from two incidents that occurred earlier in 2013. The district court ordered Dunerway to serve a controlling prison sentence of 554 months, reflecting the low presumptive guidelines sentence on the aggravated kidnapping conviction, with lesser concurrent sentences on the other convictions. We affirmed Dunerway's convictions and sentences on direct appeal, and the Kansas Supreme Court denied review. *State v. Dunerway*, No. 111,457, 2015 WL 5224703, at *1-2 (Kan. App. 2015), *rev. denied* 305 Kan. 1254 (2016). That opinion outlines the circumstances underlying the charges against Dunerway. Apart from a description of the aggravated kidnapping that we offer shortly, those details are unnecessary to our resolution of this appeal.

Since the conclusion of his direct criminal case, Dunerway has filed three motions for habeas corpus relief under K.S.A. 60-1507 and two motions to correct an illegal sentence that reached our court. See *Dunerway v. State*, No. 127,766, 2026 WL 483181, at *1 (Kan. App. 2026) (unpublished opinion) (denial of second 60-1507 motion affirmed in part and remanded in part for evidentiary hearing); *Dunerway v. State*, No. 123,250, 2022 WL 4281991, at *1 (Kan. App. 2022) (unpublished opinion) (affirming denial of first 60-1507 motion); *State v. Dunerway* (No. 128,563, this day decided), slip op. at 1, 5 (unpublished opinion) (affirming denial of motion to correct illegal sentence); *State v. Dunerway*, No. 125,680, 2024 WL 3874036, at *1 (Kan. App. 2024) (unpublished opinion) (affirming denial of motion to correct illegal sentence).

In an initial 60-1507 motion, a convicted defendant typically seeks to prove that their legal representation in the direct criminal case fell below the standard of competency required under the right to counsel guaranteed in the Sixth Amendment to

the United States Constitution and that the deficient representation reasonably undermined confidence in the outcome of the case. *Strickland v. Washington*, 466 U.S. 668, 687-88, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *State v. Phillips*, 312 Kan. 643, 676, 479 P.3d 176 (2021); *Sola-Morales v. State*, 300 Kan. 875, 882, 335 P.3d 1162 (2014); see *Chamberlain v. State*, 236 Kan. 650, Syl. ¶¶ 3-4, 694 P.2d 468 (1985) (adopting and stating *Strickland* test for ineffective assistance). A lawyer appointed to represent a defendant in a 60-1507 proceeding owes a comparable duty to their client, although the obligation is statutory rather than constitutional. *Brown v. State*, 278 Kan. 481, 483-84, 101 P.3d 1201 (2004); *Britt v. State*, No. 127,135, 2025 WL 2945653, at *4 (Kan. App. 2025) (unpublished opinion); *Bell v. State*, No. 124,447, 2022 WL 17882344, at *9 (Kan. App. 2022) (unpublished opinion).

Typically, a defendant is expected to bring all of their claims attacking their direct criminal case in a single 60-1507 motion. See K.S.A. 60-1507(c) (district court need not entertain successive motions); *Gilbert v. State*, No. 113,240, 2016 WL 4414611, at *2 (Kan. App. 2016) (unpublished opinion). But exceptional circumstances, including the ineffectiveness of the lawyer handling the initial 60-1507 motion, may permit a successive motion. To avoid the bar for successive motions, Dunerway has alleged his legal representation on his first 60-1507 motion was deficient.

But there is also a fairly debatable question whether this motion—his third—is timely because his second motion has not yet been fully adjudicated. See K.S.A. 60-1507(f)(1)(C) (action under K.S.A. 60-1507 "must be brought within one year of . . . the decision of the district court denying a prior motion under this section, the opinion of the last appellate court in this state to exercise jurisdiction on such prior motion or the denial of the petition for review on such prior motion, whichever is later"). The time bar appears to be intended, at least in part, to preclude a defendant from litigating more than one 60-1507 motion at a time.

3

The procedural bars to successive or untimely 60-1507 motions are not jurisdictional. We put them aside to dispose of this appeal more directly on the flawed substantive argument Dunerway has advanced. Because the district court summarily denied the motion, we owe no particular deference to that conclusion and independently examine the motion and the record in the underlying criminal case. *Bellamy v. State*, 285 Kan. 346, 354, 172 P.3d 10 (2007).

In this motion, Dunerway submits that he failed to complete the crime of aggravated kidnapping, so the district court should have instructed the jury on attempted aggravated kidnapping as a lesser included offense. He further submits that lawyers handling the direct criminal case and his first 60-1507 motion inadequately represented him by failing to raise this issue. As we have said, the argument misconstrues the elements of kidnapping. To prove the aggravated kidnapping, the State had to show that Dunerway "inflicted bodily harm" on the kidnapped victim. See K.S.A. 21-5408(b). In turn, pertinent here, kidnapping required proof of "the taking or confining of any person" by force with the intent to "inflict bodily harm or to terrorize the victim." K.S.A. 21-5408(a)(3).

The trial evidence suggested Dunerway was a pimp and had trafficked the kidnapping victim. In any event, he went to the apartment where the victim was staying, beat her with a 2" x 4" board, forced her outside, and was taking her on foot to an apartment down the street. Fortuitously, a Wichita police department patrol car was parked nearby with an officer behind the wheel. The victim broke free and ran to the patrol car. In the underlying criminal case, Dunerway denied any involvement in the crime and asserted the man leasing the apartment attacked the victim.

In this 60-1507 motion, Dunerway contends he did not complete the crime because he never "took" the victim to the intended destination—she escaped before they reached the apartment. So the crime amounted to an attempted aggravated kidnapping.

4

See K.S.A. 21-5301(a) (person intending to commit crime guilty of attempt if "prevented or intercepted in executing such crime"); *State v. Larsen*, 317 Kan. 552, 557-58, 533 P.3d 302 (2023) (acknowledging "default definition" of attempt in K.S.A. 21-5301). The presumptive guidelines sentence for an attempt is less than that for most completed nondrug felonies, including aggravated kidnapping. K.S.A. 21-5301(c).

Dunerway's contention that there was no completed "taking" of the victim because she escaped before they arrived at the intended destination fails as a matter of law. The term "taking" in the kidnapping statute requires no particular distance of removal, nor any particular time or place of confinement. In that context, "taking" entails the exercise of dominion or control over the victim coupled with some minimal movement beyond that incidental to the commission of another crime. Here, there was no associated crime, and incidental movement typically comes into play when a defendant has been charged with kidnapping to "facilitate . . . the commission of any crime" under K.S.A. 21-5408(a)(2). See *State v. Couch*, 317 Kan. 566, 585-86, 533 P.3d 630 (2023). The fact of the taking—not the resulting distance of movement or the intended final location—supplies the necessary element of kidnapping and aggravated kidnapping. *State v. Burden*, 275 Kan. 934, 943, 69 P.3d 1120 (2003); *State v. Ross*, No. 118,199, 2019 WL 847672, at *23 (Kan App. 2019) (unpublished opinion). So the taking was complete when Dunerway forced the victim out of the apartment where he found her and began to march her down the street. The victim's escape did not render Dunerway's criminal conduct to that point a mere attempt to kidnap.

The established law on this point is clear and undermines Dunerway's legal argument. In short, his construction of "taking" as an element of kidnapping and aggravated kidnapping is plainly wrong. In turn, Dunerway's lawyers could not have been deficient in their representation of him by failing to make a meritless argument on his behalf. *Baker v. State*, 243 Kan. 1, 9, 755 P.2d 493 (1988) (defendant entitled to no relief on 60-1507 motion by arguing lawyers should have raised meritless issues in direct

5

criminal case); *Warren v. State*, No. 123,547, 2022 WL 816313, at \*3 (Kan. App. 2022) (unpublished opinion) (defendant properly denied relief on 60-1507 motion because his "appellate lawyer had no duty to raise a meritless point, and [he] could have suffered no prejudice as a result"). As the *Baker* court concluded: "Conscientious counsel should only raise issues on appeal which, in the exercise of reasonable professional judgment, have merit." 243 Kan. at 10. A meritless legal contention could not, by definition, call into question the outcome at trial and thus could not provide grounds for relief under K.S.A. 60-1507.

Dunerway tries to avert that adverse result by citing *State v. Escalante*, 35 Kan. App. 2d 381, 130 P.3d 1235 (2006), as support for his proposition that there was an incomplete taking of the aggravated kidnapping victim in his case. But *Escalante* does not do that work. On loosely analogous facts, the State charged Henry Escalante with aggravated kidnapping—he had forced his way into the victim's motor vehicle and ordered her to drive toward an undisclosed location when she pulled into a busy parking lot of a large retail store. Escalante then repeatedly stabbed her. For whatever reason, the district court instructed the jury on attempted aggravated kidnapping as a lesser offense, and the jury convicted him of that crime. But there was no issue on appeal about the legal or factual appropriateness of attempted aggravated kidnapping as a lesser included offense. And our court did not comment on that aspect of the trial. So *Escalante* provides no legal support for the notion there was some error in Dunerway's trial because the district court did not instruct the jury on attempted aggravated kidnapping as a lesser included offense. Rather, Escalante received a gratuitous and legally unwarranted break in his trial.

Finally, for the first time in this appeal, Dunerway argues he should have received a jury instruction on simple kidnapping as a lesser included crime because the victim did not suffer "bodily harm"—the element that elevates a kidnapping to aggravated kidnapping. An appellate court has no obligation to consider points initially presented on

6

appeal. We may exercise our discretion to decline consideration of them. *State v. Jones*, 313 Kan. 917, 933-34, 492 P.3d 433 (2021). We so decline.

Affirmed.